UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MLCFC 2007-8 FAYETTE SG PROPERTY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 12-319-DCR |
| V. | ) ) | |
| MEADOWOOD APARTMENTS OF LEXINGTON, LTD., et al, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff MLCFC 2007-8 Fayette SG Property's ("Fayette SG Property") motion for summary judgment. [Record No. 52][1] The plaintiff asserts that Defendants Meadowood Apartments of Lexington, Ltd., Cedarwood Apartments of Lexington II, Ltd., Cedarwood Apartments of Lexington, III, Ltd., and Longwood Apartments of Lexington, Ltd. (collectively, "the borrowers"); defaulted in repaying a loan and, as a result, it is entitled to enforce the terms of a promissory note and certain liens against the defendants' real and personal property. [*Id.*, p. 1] Fayette SG Property argues that there are no disputed issues regarding the default and it is entitled to judgment as a matter of law. The defendants have not opposed the motion for summary

---

[1] On February 5, 2013, Defendant Lexington-Fayette Urban County Government was dismissed as a defendant. [Record No. 30] Additionally, on October 1, 2013, the Court entered a default judgment against Defendant PW Real Estate. [Record No. 59]

-1-

judgment. Having fully considered the merits of the issues presented, the plaintiff's motion will be granted.

**I.**

Plaintiff Fayette SG Property is a Kentucky limited liability company whose sole member is U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-8, Commercial Mortgage Pass-Through Certificates, Series 2007-8, ("U.S. Bank"). The plaintiff has filed this action seeking to foreclose: (i) on four parcels of real property located in Fayette County and (ii) a security interest in personal property related to the four parcels of land. [Record No. 1, p. 2] On May 9, 2007, Arbor Commercial Mortgage, LLC (the "Original Lender") entered into a loan agreement with the defendants for the purchase of parcels of real property. [Record No. 1-2] Pursuant to that agreement, the Original Lender loaned certain borrowers, including the defendants, $335,000,000.00. The borrowers, including the defendants, executed a promissory note in favor of the Original Lender in that amount. [Record No. 1-4]

In connection with the transaction, the defendants executed a "Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing," which was recorded on May 30, 2008, in the County Clerk's Office of Fayette County, Kentucky. [Record No. 1-5] The mortgage "conveyed a first and prior lien on the real property at issue in this action, together with all improvements, appurtenances, fixtures, and equipment therefrom, all leases thereon, and all rents, issues and profits deriving therefrom" on the real property to the Original Lender. [Record No. 52-1, p. 3] In addition, the defendants executed and recorded an

"Assignment of Leases and Rents" to the Original Lender. [Record No. 1-6] Under the terms of the mortgage, the borrowers granted the Original Lender a security interest in certain collateral. [*See* Record No. 1-5.] To perfect the security interest in the collateral, a Uniform Commercial Code ("UCC") Financing Statement was recorded and filed with the Kentucky Secretary of State. [Record No. 1-13] Thereafter, the promissory note, assignment of leases and rents, and financing statement were assigned from the Original Lender to U.S. Bank.[2]

On August 8, 2011, U.S. Bank split the original promissory note into fifteen separate companion notes pursuant to the loan agreement. The fifteen notes – identified as Severed Notes A-1 through A-15 – were dated May 9, 2007, and replaced the original note in its entirety. Severed Note A-15 was split into fifty-nine additional companion notes (identified as Severed Notes A-16 through A-74) which were also dated May 9, 2007. These notes amended, restated, and replaced Severed Note A-15. The plaintiff is attempting to collect Severed Note A-48 (representing a principal loan amount of $5,400,000.00) and Severed Note A-50 (representing a principal loan amount of $2,620,000.00) from the defendants. [Record Nos. 1-7, 1-8] To reflect Severed Notes A-48 and A-50, the mortgage was modified, and the modification was executed by U.S. Bank pursuant to the loan agreement. [Record No. 1-10] The Mortgage, Assignment of Leases and Rents, and Financing Statements (the

---

[2]The documents were first transferred to Merill Lynch Mortgage Lending, Inc., which transferred them to LaSalle Bank National Association. LaSalle Bank transferred the documents to U.S. Bank. [Record No. 52-1, p. 4 n.1]

"Loan Documents") were assigned by U.S. Bank to the plaintiff. [*See* Record Nos. 1-11, 12, 14, 15.]

**II.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing there are no genuine issues of material fact for resolution. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). In determining whether summary judgment is appropriate, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

**III.**

The plaintiff contends that the defendants defaulted under the Loan Documents "by failing to make one or more payments of principal and interest when due." [Record No. 52-1, p. 5] As evidence of the default, it attaches an affidavit of Dmitry Sulsky, an asset manager with LNR Partners, LLC, the entity that services the loan secured by the property. Sulsky is also the manager of Fayette SG Property. [Record No. 52-3, p. 2] Fayette SG Property references a letter notifying the defendants of the default in March 2011. [Record No. 1-16] The Sulsky affidavit states that the defendants are "in default of [their] obligations under the Loan because [they] failed to pay when due the monthly installments of principal and interest." [Record No. 52-3, p. 3] Further, the plaintiff asserts that

> Plaintiff, as the owner and holder of the Loan Documents, has a good and valid first lien on the Property for the purposes of securing repayment of Severed Notes A-48 and A-50, prior to all other liens against the Property, subject only to ad valorem real property taxes and assessments, if any, now a lien on the Property. [] By virtue of its security interest in the Collateral, Plaintiff is entitled to exercise any and all remedies available to a secured party under the Uniform Commercial Code, including having the Collateral, or so much thereof as Plaintiff shall designate, sold at public or private sale. See Mortgage,§§ 1.3, 1.4[].

The defendants admit in their Answer that the subject documents "speak for themselves." [Record No. 20, pp. 1-2] The Loan Documents provide that, upon a breach of any agreement or covenant of the Mortgage or the other Loan Documents, the holder of the documents would be entitled to enforce the Mortgage and to have the Property sold to pay the amounts due thereunder, together with the costs and expenses of the enforcement action. [Record No. 1-5, p. 16] This is the remedy sought by Fayette SG Property.

Although the defendants filed an Answer indicating that they intended to assert the affirmative defenses of waiver and estoppel, no further support was ever provided for these affirmative defenses. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (the Court is not required to "conduct its own probing investigation of the record" when the nonmoving party has not responded.). Additionally, on May 1, 2013, the Court, at the request of the defendants, allowed counsel for the defendants to withdraw. [Record No. 46] In that Order, the Court gave the defendants fifteen days to designate new counsel in this matter. But the defendants did not comply with this Order. [*Id.*] The Court notes that, as limited liability partnerships, the defendants may not represent themselves. *See Lattanzio v. COMTA,* 481 F.3d 137 (2d Cir. 2007). Nor have the defendants responded to the motion for summary judgment. However, resting on unsupported assertions contained in their pleadings will not save the defendants from summary judgment. *Celotex*, 477 U.S. at 324 (holding that a nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims).

The fact that the defendants have not responded to the motion for summary judgment does not mean that the motion should be granted automatically. The plaintiff must still satisfy its burden. *See* Fed. R. Civ. P. 56; *see also Smith v. Hudson*, 600 F.2d 60, 64-65 (6th Cir. 1979). However, when a party fails to respond to a summary judgment motion, many courts will deem the factual averments in the motion as uncontested, as long as the factual statements are supported by evidence and show an absence of a genuine issue for trial. *See,*

*e.g. Guarino,* 980 F.2d at 404 ("Dozens of other [Courts] [] have dealt with the circumstance of a dispositive motion in want of a response and have consistently assumed without specific comment that a court's reliance on the facts advanced by the movant is proper and sufficient."); *Eady v. Lappin,* 2009 U.S. Dist. LEXIS 97513 (N.D.N.Y. Sept. 30, 2009) (nonmoving party's failure to respond lightens the moving party's burden on summary judgment); *see also Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 296 (E.D.N.Y. 2008) (same).

In the present case, the documents provided by the plaintiff demonstrate that Fayette SG Property is entitled to summary judgment. The Loan Documents indicate that the defendants had an obligation to make monthly payments to the plaintiff as the holder of the documents. [*See* Record Nos. 1-2 through 1-16.] The affidavit of Dmitry Sulsky, the letter to the defendants notifying them of the default, and the assertions of the plaintiff sufficiently establish that the defendants have defaulted on their obligations under the Loan Documents. [*See* Record No. 52-4; Record No. 1-16.] And the defendants have not presented "evidence on which the trier of fact could reasonably find" for them. *See Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 251-52). Instead, the Court concludes that the defendants have defaulted on their obligations under the Loan Documents, have not complied with the Court's Order, and have ceased any defense of its default, in this and other Courts. *See MLCFC 2007-8 Jefferson SG Property, LLC v. Forsythia Court Apartments of Jefferson County, Ltd.*, Case No. 3:12-CV-645-S.

Thus, the Court turns to the issue of damages. In his affidavit, Mr. Sulsky calculates the balance due on Severed Note A-48, as of May 8, 2013, as $7,310,427.20. [Record No. 52-3, p. 3] He asserts that interest on Severed Note A-48 accrues at the *per diem* rate of $1,474.780. [*Id.*, p. 4] Regarding Severed Note A-50, he states that the total due on this loan as of May 8, 2013, is $3,546,910.97, with a *per diem* interest rate of $715.433. [*Id.*] Fayette SG Property also claims that it is entitled to recover reasonable attorneys' fees and costs expended. [Record No. 52-1, p. 6]

The plaintiff also seeks other forms of relief under the loan documents. Specifically, it seeks an order:

> (1) that Plaintiff holds a first lien on the Property prior and superior to all other liens and encumbrances, other than for unpaid ad valorem real property taxes; (2) that Plaintiff's first mortgage be enforced and, to that end, that the Property and so much of the Collateral as may be designated by Plaintiff, shall be sold at public auction as provided in the tendered Judgment and Order of Sale, free and clear of all liens and encumbrances; and (3) that the proceeds of such sale, or such of the proceeds as may be necessary, be applied pursuant to the proposed order tendered herewith.

[Record No. 52-1, p. 9] The Loan Documents provide specifically for these remedies. The Court will grant the relief requested by the plaintiff.

## IV.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. Plaintiff MLCFC 2007-8 Fayette SG Property, LLC's motion for summary judgment [Record No. 52] is **GRANTED**.

2. The plaintiff will be awarded judgment against the defendants in the amount of $10,857,338.17, plus *per diem* interest of $2,190.213, accruing from May 8, 2013, until the principal amount is paid in full.

3. The mechanics of the plaintiff's foreclosure against the real property securing the defendants' indebtedness shall be set out in a corresponding Order of Sale to be entered separately.

This 15th day of October, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge